[No. 19470. Department Two. June 24, 1926.]

A. C. U'RENN, *Appellant*, v. GREAT NORTHERN RAILWAY COMPANY *et al., Respondents.*[1]

[1] MASTER AND SERVANT (14)—SERVICE AND COMPENSATION—CONTRACTS—WAGES—SENIORITY RIGHTS OF RAILROAD CONDUCTORS. Where the rules of a railway fixed the seniority rights of railway conductors in separate groups of those employed on "separate divisions," with a provision for transfers of employees when a transfer of track is made from one division to another, an order appointing a superintendent for the S. & M. division, with an assistant superintendent for the M. division, is not a consolidation of the divisions or a transfer of track from one division to another, entitling conductors of the M. division to the transfer rights and seniority over conductors of the S. division; notwithstanding a rule of the company defining a "division" as that portion of the road assigned to the supervision of a superintendent; where, following the order, although there was a unifying of the work and employments common to both divisions, none of the conductors or train operatives on either division exercised, or were permitted to exercise, their employment on the other division.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered April 20, 1925, upon findings in favor of the defendant in an action to determine the seniority rights of a railway conductor, after a trial on the merits to the court. Affirmed.

[1]Reported in 247 Pac. 726.

*Turner, Nuzum & Nuzum,* for appellant.

*Charles S. Albert* and *Ernest E. Sargeant,* for respondents.

PARKER, J.—The plaintiff, U'Renn, a conductor in the employ of the defendant, Great Northern Railway Company, for many years past upon the Marcus division of the company's railway system, commenced this action in the superior court for Spokane county seeking a judgment adjudicating his right to have his employment seniority rights as a conductor determined as an employed conductor upon those portions of the company's lines known as the Marcus division and the Spokane division, considered as one division. The theory of his claim in this behalf is that those two divisions have been, by action of the officials of the company, consolidated as one division, and that therefore his seniority rights are to be determined with reference to the seniority rights of all employed conductors upon both divisions, now to be considered as one division, and not solely with reference to the seniority rights of the employed conductors upon the Marcus division. The case being of equitable cognizance, trial upon the merits was had before the court sitting without a jury, which resulted in a judgment denying to the plaintiff relief, from which he has appealed to this court.

Since a number of years prior to the year 1917, the Spokane operating division of the company's railway system has consisted of some 536 miles of its main line, east and west of Spokane, and its branch lines, extending northerly from Wenatchee and another station near there. During the same period, the Marcus operating division of the company's railway system has consisted of some 465 miles of its branch lines extending northerly from Spokane. During a period of some twenty years past, appellant has been an employed conductor

upon the lines constituting the Marcus division. He was so employed, even before the company acquired those lines. He came into the company's employment with its acquisition of those lines. The company's resistance to the claims of appellant in this controversy manifestly is prompted only by what it conceives to be its duty, looking to the protection of the seniority rights of its conductors upon the Spokane division. This record renders it plain, we think, that the conductors on the Spokane division are practically unanimous in their objections to the claims of appellant. It seems equally clear that, to determine appellant's seniority rights with reference to seniority rights of all of the conductors on both divisions by treating the divisions as one, would work seriously to the prejudice of the seniority rights of the conductors on the Spokane division.

The seniority rights of the conductors on the several divisions of the company's railway system are of great consequence to the conductors, this apparently much more so than to the company. Looking to the establishment and protection of these seniority rights, they have for many years past been determinable by certain rules, adopted by agreement between the company and the conductors acting collectively through the order of railway conductors. We understand counsel upon both sides of this controversy to proceed upon the assumption that these rules, so agreed upon, became, in effect, a contract between the railway company and all of its conductors, and between the conductors themselves, each of whom became a party thereto by the fact of becoming an employed conductor upon any division of the company's system. The rules so agreed upon in the year 1917 are here invoked in behalf of appellant, and particularly the portions thereof reading as follows:

"Seniority Rights.

"Rule 27. Conductors will take rank from date of their appointment or promotion, and will have choice of runs on their respective divisions to which their age in service entitles them. . . .

"Transfer of Track.

"Rule 28. (a) When a transfer of track is made from one division to another, the Superintendents of the divisions affected will agree as to the number of conductors required to operate the tracks so transferred, whereupon the passenger and freight conductors to the number so agreed upon will be given, according to their age in service, the option of transfer to the division acquiring such additional tracks. The men elected to be transferred under this rule will take rank on the division to which they are transferred from the date they hold rights on the division from which transferred in their respective branches of service.

"Example—Two men, A and B, on the division acquiring tracks date October 10 and 20 respectively. C, who is transferred, dated October 15. C would rank between A and B.

"New Lines—How Manned.

" (b) When new lines are built by the Great Northern Railway the local Chairman of the O. R. C. from the divisions liable to be affected by the diversion of traffic shall, in conjunction with the General Chairman, elect from which division or divisions conductors shall be chosen to man such new line."

It is conceded that the company's general "rules and regulations of the operating department" contain the following:

"Division. That portion of the railway assigned to the supervision of a superintendent."

This was merely read into the record, during the trial, from a book bearing the above quoted title. Evidently, the word "division" was there so defined as used in those rules. We are not further advised, and those rules are not before us.

On May 20, 1921, there was duly issued an order by the proper officer of the company and sent out in circular form, to those who were required to take notice of it, reading as follows:

"Effective this date Mr. J. M. Doyle is appointed superintendent of the Spokane and Marcus Divisions with headquarters at Spokane, Washington;"

and on the same day, there was duly issued, and published, in like manner, an order reading as follows:

"Effective this date Mr. B. Lantry is appointed assistant superintendent of the Marcus division with headquarters at Marcus."

Following the issuance of these orders, there was a unifying of a considerable quantity of the work of these two divisions, incident to the carrying on of the company's business, and a considerable number of the employees, other than those engaged in the operation of trains, exercised their employment common to both divisions. However, none of the conductors or other train operating employees upon the Marcus division exercised, or was permitted to exercise, any of his employment duties upon the Spokane division after the promulgating of these orders; and none of the conductors or other train operating employees upon the Spokane division, exercised, or was permitted to exercise, any of his employment duties upon the Marcus division after the promulgation of these orders. The record, we think, shows that, in the issuance of these orders, there was no intention on the part of any of the officers of the company to thereby work a consolidation of the two divisions with reference to train operating employees.

[1] By the above quoted language of Rule 27 of the agreement between the company and the conductors, it seems plain that the rank or seniority of a con-

ductor is determinable solely with reference to the seniority of his brother conductors employed on the same division, and not with reference to the seniority of any conductors employed on any other division. Each group of conductors employed in each division, for the purpose of determining seniority, is as separate from every group of conductors on every other division, as if employed by another railway company. This, we understand, is conceded by counsel on both sides, and that such has always been the meaning of the rule, as viewed by the company and the conductors.

Counsel for appellant strenuously contend that the above quoted orders appointing a "superintendent for the Spokane and Marcus division with headquarters at Spokane," and appointing an "assistant superintendent of the Marcus division with headquarters at Marcus," and the unifying of certain employments of the two divisions, had the effect of consolidating the two divisions into one division for the purpose of determining seniority of conductors, as well as other purposes. The trial court held against this contention, and we fully agree with that holding. It seems plain to us that the company had the right to have the Marcus division remain as established in 1917, when the agreement between it and the conductors was entered into.

Nor can we see that the unifying of the employments of the two divisions in some respects, apart from the train service employment, in the least impaired the rights of the Spokane division conductors and the right of the company to have the Marcus division remain as then established for the purpose of train service, and thus result in retaining the existence of that division for the purpose of determining seniority. As we view appellant's contention, he is seek-

ing, not to retain his seniority rights accorded by the agreement of 1917, but is seeking to expand those rights, because of something the company has done which has not in the slightest degree impaired his existing seniority rights. More, he is seeking the expansion of those rights to the prejudice of the seniority rights of the Spokane division conductors.

Appellant's counsel, in their argument, lay great stress upon the definition of the word "division," set forth in the general rules and regulations of the operating department of the company. This, it is to be noticed, is the company's own definition of a division, and is not binding upon it, except in so far as it would probably not be permitted to construe the word "division" as meaning anything different than expressed in this definition, to the detriment of the rights of others acquired by contract with the company. Of this, the Spokane division conductors would probably have cause to complain, were the company seeking to impair their seniority rights by expansion of their division other than as provided by the above quoted Rule 28 of the agreement.

Some other arguments are made, in behalf of the company and the Spokane division conductors, rested upon claimed subsequent modification of the language of the 1917 rules agreement, and appellant's acquiescing therein. These we need not notice, in view of our conclusion already indicated.

The judgment denying to appellant the relief prayed for is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.